IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:

Patrick Gene Martin,
Patricia Renee McSorley-Martin                    Case No.  13-01872-als7

                Debtors                    Chapter 7

**MEMORANDUM OF DECISION**
**(date entered on docket: February 14, 2014)**

COURSE OF PROCEEDINGS

      The United States Trustee's contested Motion to Dismiss the Debtors' chapter 7 filing pursuant to 11 U.S.C. sections 707(b)(2) and (3) is before the Court.  At a preliminary telephonic hearing, James L. Snyder, Assistant U.S. Trustee appeared and Bradford L. Davis represented Patrick Martin and Patricia McSorley-Martin (the "Debtors").  The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. sections 157(b)(1) and 1334.  The following findings of fact and conclusions of law are entered by the Court pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.  For the reasons set forth herein, the Debtors' objection is overruled.

FACTS

      The following facts have been established by the filings or stipulated to by the parties:

1. The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 28, 2013.

2. A timely Motion to Dismiss the case was filed by the United States Trustee ("UST") on August 23, 2013.

3. An amended Chapter 7 Statement of Current Monthly Income and Means Test Calculation ("Amended Form B22A") was filed by the Debtors on September 10, 2013.

4. Line 13 of the Amended Form B22A reflects annualized current monthly income in the amount of $150,698.52.[1]

5. At Line 44 of the Amended Form B22A, the Debtors include a monthly payment on priority claims in the amount of $4,116.80.[2]

6. Part VII, Additional Expense Claims, of both the initial Form B22A and the Amended Form B22A are blank.

7. The Debtors' selected the presumption does not arise option on the Amended B22A Form.

8. The Debtors electronic signatures made under penalty of perjury appear on the Verification Section of Part VIII of the Amended Form B22A.

9. Line 17 of Current Expenditures of Individual Debtor(s) ("Schedule J") includes a deduction for monthly student loan payments in the amount of $575.00.[3]

10. The Debtors' electronic signatures appear on the Declaration Concerning Debtor's Schedules.

11. The Debtors' Schedule E – Creditors Holding Unsecured Priority Claims - reflects student loan obligations in the total amount of $247,008.

12. Removal of the student loan obligation from Line 44 of the Amended B22A Form will result in a presumption of abuse.

---

[1] Line 13 of the initial Form B22A reflected an annualized current monthly income of $123,146.40.
[2] This same amount was included on the initial Form B22A originally filed on June 28, 2013.
[3] No amendments have been filed related to Schedule J.

DISCUSSION

In their objection and brief, the Debtors assert two arguments. First, that their student loan debt is properly characterized as a priority obligation for purposes of calculating whether a presumption of abuse arises under the Means Test Calculation (Form B22A). Second, that their student loan debt qualifies as a special circumstance under 11 U.S.C. section 707(b)(2)(B) due to the substantial amount of the obligation and the fact that it is a non-dischargeable debt.

The Bankruptcy Code specifically addresses the priority of various types of debts at 11 U.S.C. section 507(a). "[U]nsecured claims of governmental units" is identified as an obligation that is entitled to priority payment. 11 U.S.C. § 507(a)(8) (2013). The statutory language goes on to clearly limit such priority treatment to claims that arise from taxes, duties or penalties. Debtors' Schedule E includes two student loan obligations: one owing to MOHELA/Dept. of Ed in the amount of $219,874 and the other to Sallie Mae in the amount of $27,134.

In analyzing provisions of the Bankruptcy Code, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992). The United States Supreme court has dictated that "statutory interpretation is a holistic endeavor which must begin with the language of the statute itself. Resort to an examination of legislative history is appropriate only to resolve statutory ambiguity, and in the final analysis, such examination must not produce a result demonstratively at odds with the purpose of the legislation." In re Sorrell, 359 B.R. 167 (Bankr. S.D. Ohio 2007) (citing Taylor v. Freeland & Kronz, 503 U.S. 638 (1992); Pa. Dept. of Public Welfare v. Davenport, 495 U.S. 552 (1990); Kelly v. Robinson, 479 U.S. 36 (1986)).

According to the basic principles of statutory construction, the Debtors' argument that the student loan debts are entitled to priority treatment on Form B22A is not persuasive. Student

loans are not included in those identified as a priority debt by the statute, and the majority of courts conclude that student loans are not priority claims that can be favored over other unsecured creditors.  See McDonald v. Sperna (In re Sperna), 173 B.R. 654 (B.A.P. 9th Cir. 1994); In re Mason, 456 B.R. 245, 250 (Bankr. N.D. W. Va. 2011); In re Eitemiller, 149 B.R. 626, 628-30 (Bankr. D. Idaho 1993); In re Sutton, No.10-10539-8-RDD, 2012 WL 433480, at *3 (Bankr. E.D. N.C. Feb 9, 2012).  The amount of $4,116.80 on the Debtors' Amended B22A Form is not properly included on Line 44 for purposes of the Means Test calculation.  According to the stipulation filed with the Court, the parties agree that this outcome results in a presumption of abuse in this case.

If the student loan obligation is not included as a priority debt for purposes of the Means Test, the Debtors contend that their required payments on the student loan debts constitute special circumstances.  Absent from the Bankruptcy Code is a definition of the term "special circumstances."  The statute identifies two specific conditions that demonstrate special circumstances:  a serious medical condition and active duty in the Armed Forces.  11 U.S.C. § 707(b)(2)(B)(i) (2013).  Most courts have not restricted a finding of special circumstances to only those examples described in the statute.  Instead, relying upon legislative history, courts have construed the statutory language as providing examples of the type of situations where special circumstances may exist, and applied a broader interpretation in evaluating special circumstances in the context of a specific case.  See In re Haman, 366 B.R. 307, 314 (Bankr. D. Del. 2007). "[T]he plain meaning of 'special' provides some instruction to the Court that the expense or adjustment to income in question must be out of the ordinary or exceptional in some way."  In re Delbecq, 368 B.R. 754, 756-57 (Bankr. S.D. Ind. 2007). "[E]very conceivable unfortunate or 'unfair'" circumstance does not qualify as a "special circumstance" to "rebut the

presumption of abuse." In re Maura, 491 B.R. 493, 511 (Bankr. E.D. Mich. 2013). The language of section 707(b)(2)(B) neither suggests nor requires that a claim of special circumstances must be involuntary in nature or outside a debtor's control. See In re Templeton, 365 B.R. 213, 217 (Bankr. W.D. Okla. 2007). Where the circumstances are not involuntary, the "special circumstances" contemplated by section 707(b)(2)(B)(i) must be highly unusual, and of the type not normally encountered by most debtors. As stated by one bankruptcy court:

> Both a reading of the plain unambiguous language of 11 U.S.C. Section 707(b)(2)(B) and the BAPCPA legislative history lead to the same result: A debtor asserting "special circumstances" in support of additional expenses or income adjustment must establish the circumstances are extraordinary or exceptional, are unexpected or involuntary, and place the debtor in dire need of Chapter 7 relief.

In re Stocker, 399 B.R. 522, 532 (Bankr. M.D. Fla. 2008). The standard to rebut the presumption under section 707(b) is "extremely high, placing it effectively off limits for most debtors." In re Haar, 360 B.R. 759, 760 (Bankr. N.D. Ohio 2007). To determine whether special circumstances exist in a particular case requires a factually intense inquiry. DeAngelis v. Fonash (In re Fonash), 401 B.R. 143, 147 (Bankr. M.D. Pa. 2008).

To successfully rebut the presumption of abuse by special circumstances, a debtor bears the burden of proof under both procedural and substantive factors outlined at 11 U.S.C. section 707(b)(2)(B). See In re Fonash, 401 B.R. at 147 (citations omitted). Initially, a debtor must meet the following procedural components required under the statute: 1) documentation of the expense and any adjustment to income; 2) a detailed explanation of why any such adjustment is necessary and reasonable; and 3) a statement under oath that the information as to any adjustments to expenses or income is accurate. 11 U.S.C. § 707(b)(2)(B)(ii) & (iii) (2013). As

more fully discussed below, the Debtors have failed to meet the procedural burdens required to establish special circumstances.

The stipulated facts merely recite that the Debtors' schedules state that student loans are owed in the amount of $247,008. No document, affidavit or evidence has been provided to establish the first prong of 11 U.S.C. section 707(b)(2)(B)(ii).

Debtors contend that

> due to the large amount of student loans of debtor's [sic] it is appropriate for them to deduct said amount on the Means Test in this case. Said student loans must be paid back, whether in a Chapter 7 or a Chapter 13 Bankruptcy, and since the student loans are so great they are a special circumstance in this case and is [sic] not a type of circumstance normally encountered by most debtor's [sic].

This statement, standing alone, does not meet the second procedural requirement under the statute. To hold otherwise would tacitly imply that a special circumstance exists solely due to the non-dischargeability of the student loan obligation, a premise that this Court does not adopt. See In re Wagner, No. BK07-42262, 2008 WL 706616, at *2 (Bankr. D. Neb. March 14, 2008). As stated in In re Lightsey,

> If non-dischargeability was the standard for a special circumstance, Congress would have said so. Those courts concluding that "special circumstances" include non-dischargeable student loan obligations arguably will have to apply this standard to every other non-dischargeable obligation, . . . [including] debts arising not only from student loans but also from fraud, embezzlement, DUI, and the like. See 11 U.S.C. §§ 523 and 1328(a). Every one of these non-dischargeable obligations could qualify as debts for which a debtor has no reasonable alternative but to continue payments to avoid economic harm, and there is no suggestion in Section 707(b)(2)(B) that courts have been delegated the policy decision of deciding that some non-dischargeable debts are "good" and some are "bad" so as to permit treating some but not all as a "special circumstance."

374 B.R. 377, 381 n. 3 (Bankr. S.D. Ga 2007).

The third procedural prong requires the debtors to submit a statement under oath as to the accuracy of the information provided in support of their claim of special circumstances. The only documents submitted by the Debtors under oath in this case consist of the Amended Form B22A and the bankruptcy schedules. Amended Form B22A incorrectly includes an amount for a priority debt in the amount of $4,116.40, which presumably was calculated based upon the total of both student loan obligations over a sixty month repayment period. 11 U.S.C. § 707(b)(2)(A)(iv). Schedule J reflects an actual monthly payment of $575, which is substantially lower. Although both the Amended Form B22A and Schedule J were sworn to by the Debtors, the facts before the Court are inconsistent. The substantive burden under section 707(b)(2)(B) requires a debtor to demonstrate *additional expenses* for which there is no reasonable alternative. Courts are split on whether student loans qualify as a special circumstance. A case in this district held that Congress specifically excluded *debts* from the list of expenses that can be considered special circumstances, so based upon the plain language of the statute, payment on student loan debts is not properly included as an expense and therefore cannot constitute special circumstances. In re Rold. No. 07-04259-lmj7, 2010 WL 4065082, at *4-5 (Bankr. S.D. Iowa Oct. 15, 2010). Other courts have further addressed the issue and there is no clear consensus on whether student loans qualify as a special circumstance. See, e.g., In re Harmon, 446 B.R. 721, 730 (Bankr. E.D. Pa. 2011) (holding that the Debtor's participation in a chapter 13 plan would be a reasonable alternative, and therefore, the student loans were not a special circumstance); In re Pageau, 383 B.R. 221, 228 (Bankr. D. N.H. 2008) (holding that student loans incurred in the normal course of acquiring an education do not constitute special circumstances). But see In re Haman, 366 B.R. 307 (Bankr. D. Del. 2007) (holding that the debtor had no reasonable alternative but to pay the student loan debt); In re Martin, 371 B.R. 347 (Bankr. C.D. Ill. 2007)

(holding that a chapter 13 filing would only result in partial payment of the student loan debt and the debtors had no reasonable alternative but to pay the debt); In re Templeton, 365 B.R. 213 (Bankr. W.D. Okla. 2007) (holding that because the student loans were nondischargeable, the debtors had no reasonable alternative but to pay the student loan debt).  This Court agrees with the line of cases that hold that student loans are not typically special circumstances.

No detailed explanation has been provided that supports a finding of special circumstances in this case.  The Debtors' mere allegation that their loans are more substantial than other individuals filing for bankruptcy and that these obligations are non-dischargeable do not satisfy the requirements of 11 U.S.C. section 707(b)(2)(B)(i) and are insufficient to conclude that special circumstances exist.  A reasonable alternative exists.  The Debtors may enter into a chapter 13 plan which would allow them to make payments to all creditors, including their student loan lenders.

Based upon the record before the Court, the Debtors have failed to meet their burden to establish that their student loans qualify as special circumstances.

IT IS HEREBY ORDERED

1. The Debtors' Objection to the Motion to Dismiss is overruled;

2. The Motion to Dismiss pursuant to 11 U.S.C. section 707(b)(2) is granted;

3. The Debtors shall have fourteen (14) days from the date of this Order to convert their case to a chapter 11 or 13 or the case will be dismissed without further notice and hearing.

/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this chapter case.